629 A.2d 256

**In re Approval of Bond of CARNEGIE NATURAL GAS COMPANY Under Right of Eminent Domain.**

**George F. KEENER, and Gloria K. Keener**

**v.**

**CARNEGIE NATURAL GAS COMPANY, a corporation, the Greene County General Facilities Authority, the Harrisburg Authority, and Whiting Turner Contracting Company.**

**Appeal of George F. KEENER and Gloria K. Keener, Appellants.**

Commonwealth Court of Pennsylvania.

Argued June 17, 1993.

Decided July 19, 1993.

David C. Hook, for appellants.

John J. Porter, for appellee.

Before McGINLEY and FRIEDMAN, Judges, and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

George and Gloria Keener (Keeners) appeal from orders of the Court of Common Pleas of Greene County approving the bond of the Carnegie Natural Gas Company (Carnegie) and granting a writ of possession to Carnegie for an easement along the edge of the Keeners' property for installation of a gas distribution line to serve a prison facility and other potential customers.

Carnegie commenced eminent domain proceedings pursuant to § 1511(g) of the Business Corporation Law of 1988, 15 Pa.C.S. § 1511(g), after unsuccessfully negotiating with the Keeners to secure an easement for the gas distribution line along the boundary of the Keeners' property. The Keeners then filed an action in equity raising objections to the proceedings. The trial court consolidated the two actions and, after hearing, issued the orders from which the Keeners appeal.[1]

The Keeners contend (1) that 15 Pa.C.S. § 1511(g), pertaining to condemnation procedures for public utilities, is unconstitutional because it does not provide for preliminary objections as does the Eminent Domain Code;[2] (2) that Carnegie's taking of a thirty foot right-of-way is more than is needed and is arbitrary and capricious; and (3) that Carnegie's taking of the Keener's property is not for a public purpose.

The Keeners make much of the fact that the alternative condemnation procedures for public utilities used here[3] do not provide for preliminary objections. The real issue is whether the condemnee is afforded due process when a public

1. Our scope of review in an eminent domain case is limited to determining whether the trial court abused its discretion or committed an error of law. *Yassens v. Municipal Authority of the Township of Franklin, Beaver County,* 139 Pa.Commonwealth Ct. 624, 591 A.2d 335 (1991).

2. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–903.

3. 15 Pa.C.S. § 1511(a) of the Business Corporation Law provides in pertinent part:

utility condemns property pursuant to the provisions of the Business Corporation Law. The official notes to § 1511(g) of the Business Corporation Law state:

> There is no intent to change existing law under which the condemned's constitutional rights are protected by virtue of his ability to file and [sic] action in equity to challenge the validity or scope of the condemnation.

A public utility may condemn property using either the Eminent Domain Code or the alternate provisions of the Business Corporation Law found at 15 Pa.C.S. § 1511(g)(2). There is nothing magic about preliminary objections. Although preliminary objections are the exclusive method for challenging a condemnation under the Eminent Domain Code, an action in equity is the appropriate method for challenging a § 1511(g)(2) taking. The Keeners resorted to this remedy when they filed their action in equity and participated in hearings and discovery, and they received relief equivalent to that available under the Eminent Domain Code. Thus, the Keeners' argument that § 1511(g) is unconstitutional lacks merit.

> A public utility corporation shall, in addition to any other power of eminent domain conferred by any other statute, have the right to take, occupy and condemn property for one or more of the following principal purposes and ancillary purposes reasonably necessary or appropriate for the accomplishment of the principal purposes:
>
> ....
>
> (2) The transportation of artificial or natural gas, electricity, petroleum or petroleum products or water or any combination of such substances for the public.
>
> (3) The production, generation, manufacture, transmission, storage, distribution or furnishing of natural or artificial gas, electricity, steam, air conditioning or refrigerating service or any combination thereof to or for the public.
>
> 15 Pa.C.S. § 1511(g) provides in pertinent part:
>
> (1) The act of June 22, 1964 (S.Sess., P.L. 84, No. 6), known as the Eminent Domain Code, shall be applicable to proceedings and condemnation and taking of property conducted pursuant to this section.
>
> (2) Notwithstanding paragraph (1), a corporation having the power of eminent domain that condemns for occupation by electric, underground telephone or telegraph, gas, oil or petroleum products lines used directly or indirectly in furnishing service to the public an easement for such purposes may elect to proceed as follows in lieu of the procedures specified in sections 402, 403, 405 and 406 of the Eminent Domain Code.

■ The Keeners also contend that the amount of land taken is arbitrary and capricious, noting that a witness for Carnegie testified on cross-examination that Carnegie could have arranged the easement to require only a ten foot right-of-way on the Keeners' property rather than the thirty foot right-of-way over the Keeners' property actually condemned. Carnegie counters that this testimony does not establish that the condemnation was excessive or unreasonable, but merely that an alternative routing of a portion of the easement, shifting it to neighboring property, might have been used. Thus, because the Keeners do not prove that the condemnation is arbitrary and capricious, but only that other alternatives existed, their argument fails.

■ Finally, the Keeners argue that Carnegie's condemnation of the easement to provide gas to the prison facility does not comport with the constitutional requirement that the condemnation be for a public purpose. The Keeners base this argument on two factors. First, they note that the prison property is owned by the Greene County General Facilities Authority and that the prison will be constructed by the Harrisburg Authority with a private company acting as general contractor and may be operated by the Commonwealth Department of Corrections and so argue that only the private contractor will *currently* benefit from the distribution line in violation of the constitutional requirement that eminent domain be exercised only for a public purpose. This argument is specious. Although eminent domain cannot be used for the purpose of devoting property to the private use of another, *Borough of Big Run v. Shaw*, 16 Pa.Commonwealth Ct. 623, 330 A.2d 315 (1975), that rule is not implicated here. No matter who currently owns the property or if a private company also benefits from the construction, a gas line serving a public prison facility serves a public purpose. "[T]he taking by eminent domain does not lose its public character merely because there may exist therein some feature of private gain, for, if the public good is enhanced, it is immaterial that a private interest also may be benefited." *Id.* at 627, 330 A.2d

at 317. *See also Vernocy v. T.W. Phillips Gas and Oil Company,* 118 Pa.Commonwealth Ct. 370, 545 A.2d 969 (1988).

Second, and related to this first issue, the Keeners argue that a line serving an individual customer (the prison) does not serve a public purpose. This argument must also fail, both because service to the prison is a "use that benefits the public,"[4] and because the gas distribution line for which Carnegie condemned the easement will serve not only the prison (22% of the capacity of the line) but also the general public. Carnegie's condemnation is for a public purpose and complies with the constitutional and statutory requirements for a condemnation by a public utility.

Accordingly, we affirm.

### ORDER

AND NOW, this 19th day of July, 1993, the orders of the Court of Common Pleas of Greene County, dated December 16, 1992, are affirmed.

---

4. In *Borough of Big Run,* 16 Pa.Commonwealth Ct. at 626, 330 A.2d at 317, we stated: "Public Use is a use that benefits the public." This statement reflects the modern rule that a use for a public purpose meets the public use requirement of our state and federal constitutions. PA. CONST. Art. 1; § 10, U.S. CONST. amend. XIV.