IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation of Easement : 
and Right of Way Across lands of : 
Curtis R. Lauchle and Terri L. : 
Lauchle, husband and wife, by : 
UGI Penn Natural Gas, Inc. For : 
Public Purposes : 
  : 
Appeal of:  Curtis R. and Terri L. :   No. 2216 C.D. 2014
Lauchle :   Argued:  September 14, 2015

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                 HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY             FILED:  January 5, 2016


Appellants, Curtis R. and Terri L. Lauchle, (Lauchles) own 357 acres of land in Lycoming County, Pennsylvania.  Petition for Approval and Order for Filing Condemnation Bond filed July 15, 2014 (Condemnation Petition-Pipeline Easement) at 1-2, Notes of Testimony, October 17, 2014 (N.T.) at 11, 28-29; Reproduced Record (R.R.) at 19a-20a, 61a, 78a-79a.

In July 2014, UGI Penn Natural Gas, Inc. (UGI), by way of the Condemnation Petition-Pipeline Easement, sought to condemn the Lauchles' land for a natural gas pipeline (Pipeline Easement)[1] pursuant to Section 1511 of the

---

[1] The condemnation for the Pipeline Easement is docketed in the Prothonotary's Office of Lycoming County at 14-01790. See Lycoming County Prothonotary Complete Case History, Condemnation Petition-Pipeline Easement at 2, R.R. at 2a, 19a-22a.

Pennsylvania Business Corporation Law of 1988, 15 Pa.C.S. §1511(g). Condemnation Petition-Pipeline Easement, R.R. at 19a-22a.

In August, 2014, by way of a Petition for Approval and Order for Filing Condemnation Bond, filed August 27, 2014 (Condemnation Petition-TCE), UGI also sought to obtain a temporary construction easement (TCE)[2] for purposes related to the Pipeline Easement. Condemnation Petition-TCE, R.R. at 29a-32a.

## PROCEDURAL HISTORY

### The Pipeline Easement

In regards to the Pipeline Easement, and in follow-up to the Condemnation Petition-Pipeline Easement, on August 19, 2014, UGI moved for approval by the Lycoming County Court of Common Pleas (common pleas court) of its Condemnation Petition-Pipeline Easement and attached a bond in the amount of $25,000 (Motion-Pipeline Easement)[3]. Motion-Pipeline Easement, R.R. at 13a-22a. By Order dated August 26, 2014 (August 26, 2014 Order), the common pleas court granted the Condemnation Petition-Pipeline Easement and approved the bond pertaining to the Pipeline Easement. August 26, 2014 Order, R.R. at 23a.

Subsequently, on August 29, 2014, the Lauchles filed an Answer to Petition/Action in Equity in response to UGI's filings in the Pipeline Easement matter (Answer/Equity Action-Pipeline Easement). Answer/Equity Action-Pipeline Easement, R.R. at 24a-27a. In their Answer/Equity Action-Pipeline

___

[2] The TCE is docketed in the Prothonotary's Office of Lycoming County at 14-02219. See Lycoming County Prothonotary Complete Case History, Condemnation Petition-TCE at 2, R.R. at 4a, 29a-32a.

[3] As of the date that UGI filed its Motion-Pipeline Easement, no attorney had entered an appearance for the Lauchles.

Easement, the Lauchles raised the following challenges to the Condemnation Petition-Pipeline Easement: (1) that this was a taking for the benefit of a private enterprise rather than for a public purpose; (2) that the proposed taking was for more property than necessary; (3) that UGI's attempt to enlarge its easement for the pipeline was in excess of the current need and was unjustified; and (4) that the bond amount was inadequate. Answer/Equity Action-Pipeline Easement at 2-3, R.R. at 25a-26a.

**The TCE**

In regards to the TCE, and in follow-up to the Condemnation Petition-TCE, on September 9, 2014, the Lauchles filed an Answer to the Petition/Action in Equity in response to UGI's filings in the TCE matter (Answer/Equity Action-TCE). Answer/Equity Action-TCE, R.R. 47a-50a. In this Answer/Equity Action-TCE, the Lauchles raised the following challenges to the Condemnation Petition-TCE: (1) that the bond amount was inadequate; (2) that factual issues were raised which suggested that an evidentiary hearing was necessary after discovery; and (3) that this TCE was a taking for a private enterprise rather than a public purpose. Answer/Equity Action-TCE, R. R. at 47a-50a.

Thereafter, on October 1, 2014, UGI moved for approval by the common pleas court of its Condemnation Petition-TCE (Motion-TCE).[4]

---

[4] The Motion-TCE was not incorporated as part of the Reproduced Record but is included in the Original Record of the TCE action as document "6".

**Prior Decisions**

During a hearing on October 17, 2014, a request for consolidation of the Pipeline Easement action and TCE action was made by the Lauchles, who argued that the relevant issues in both matters were substantially the same. N.T. at 2-6, R.R. 52a, 56a. During that October 17, 2014 hearing, the common pleas court directed that the cases be consolidated. N.T. at 7, R.R. at 57a. However, no formal order was entered by the common pleas court. These matters were, nevertheless, heard together and decided together. See UGI's Brief at 6; Lauchles' Brief at 7; see also Lauchles' Brief at Appendix A.[5]

Thereafter, by Opinion and Order of the common pleas court, dated November 7, 2014, (Opinion and Order) the common pleas court overruled, denied and dismissed the Lauchles' Answer/Equity Action-Pipeline Easement as untimely; and overruled, denied and dismissed that action on the merits because it held that the taking for the Pipeline Easement was for a public purpose. By way of that same Opinion and Order, the common pleas court also dismissed the Lauchles' Answer/Equity Action-TCE because it held that the taking under the TCE was also for a public purpose; and granted the TCE.[6]

On December 8, 2014, the Lauchles filed Notices of Appeal to the common pleas court challenging the common pleas court's Opinion and Order,

---

[5] Consequently, no order solely on UGI's Motion-TCE was issued by the common pleas court.

[6] The Opinion and Order was not incorporated as part of the Reproduced Record. However, the Opinion and Order was referenced in UGI's Brief at page 6 and Lauchles' Brief at page 7. The Opinion and Order is also attached to Lauchles' Brief as "Appendix A".

The Opinion and Order is included in the Original Record of the Pipeline Easement as document "10" and "14" and in the Original Record of the TCE as document "14".

which held that the Lauchles' Action in Equity-Pipeline Easement was untimely; that the takings under the Action in Equity-Pipeline Easement and Action in Equity-TCE were not greater than necessary; and that the takings were for a public purpose.[7] Notices of Appeal, R.R. at 113a-116a. On January 21, 2015, the Lauchles filed a "Statement of Matters Complained Of On Appeal". "Statement of Matters Complained Of On Appeal", R.R. at 118a, 123a.

On March 31, 2015, the Lauchles filed their Reproduced Record and Brief on appeal to this Court bearing the docket numbers for both the Pipeline Easement and the TCE. By Order dated April 15, 2015, this Court noted that these matters were not consolidated, deemed the Lauchles' Brief filed at both appeals and granted UGI permission to file a single brief bearing both Commonwealth Court docket numbers.[8]

Thereafter, by Order dated September 1, 2015, this Court ordered that both matters be listed for oral argument *seriatim* before a panel of this Court.

The controversy is now before this Court.[9]

---

[7] In connection with the Motion-TCE, the common pleas court held a conference with counsel on October 3, 2014. At the conference the parties informed the court that they had resolved the Lauchles' objections concerning the amount of the bond and that the sole issue remaining under the Condemnation Petition-TCE is that the TCE is greater than necessary.

[8] The Pipeline Easement appeal is docketed at Commonwealth Court Docket No. 2215 C.D. 2014. The TCE appeal is docketed at Commonwealth Court Docket No. 2216 C.D. 2014.

[9] This Court's scope of review in an eminent domain case is limited to determining whether the trial court abused its discretion or committed an error of law. Keener v. Carnegie Natural Gas Company, 629 A.2d 256 (Pa. Cmwlth. 1993).

## ISSUES

The issues, as summarized, are whether the common pleas court abused its discretion or committed an error of law by finding that the Lauchles' Action in Equity-Pipeline Easement was untimely filed; by finding that UGI qualified for the public utility exception under Section 204(a) of the Property Rights Protection Act (PRPA), 26 Pa.C.S. §204(a), for purposes of the Action in Equity-Pipeline Easement and Action in Equity-TCE; and in holding that UGI's easement was not greater than necessary to acquire property rights in connection with the Pipeline Easement.

Pursuant to the reasons set forth in our Opinion and Order in In Re: Condemnation of Easement and Right of Way Across Lands of Lauchle by UGI Penn Natural Gas, Inc., (Pa. Cmwlth., No. 2215 C.D. 2014, filed January 5, 2016), the Court incorporates that rationale in this matter, as set forth therein.

Accordingly, the decision of the Court of Common Pleas of Lycoming County is affirmed insofar as it determined that the Lauchles' Answer/Action in Equity was untimely.

_____
BERNARD L. McGINLEY, Judge

Judge McCullough dissents.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation of Easement : 
and Right of Way Across lands of : 
Curtis R. Lauchle and Terri L. : 
Lauchle, husband and wife, by : 
UGI Penn Natural Gas, Inc. For : 
Public Purposes : 
: 
Appeal of:  Curtis R. and Terri L. : No. 2216 C.D. 2014
Lauchle : 

## **O R D E R**

AND NOW, this 5th day of January, 2016 and pursuant to the reasons set forth in our Opinion and Order in In Re: Condemnation of Easement and Right of Way Across Lands of Lauchle by UGI Penn Natural Gas, Inc., (Pa. Cmwlth., No. 2215 C.D. 2014, filed January 5, 2016), we incorporate that rationale in this matter, as set forth therein.

The November 7, 2014 order of the Court of Common Pleas of Lycoming County, Pennsylvania, in the above-captioned matter is affirmed insofar as it determined that the Lauchles' Answer/Action in Equity was untimely.

_____
BERNARD L. McGINLEY, Judge